IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JARON CALVIN BRENT,

    Plaintiff,

v.                                                                                         Civ. No. 23-01036 KG/JMR

T.G. BAKER TRUCKING INC.,
and TRAVIS DENHAM,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendants T.G Baker Trucking, Inc., and Travis Denham's Motion to Dismiss for Failure to State a Claim and Supporting Memorandum Brief, (Doc. 11), filed on November 28, 2023. Plaintiff Jaron Calvin Brent filed his response, (Doc. 15), on December 12, 2023. Defendants filed their reply, (Doc. 18), on December 26, 2023. Having considered the briefing and the applicable law, the Court grants, in part, and denies, in part, Defendants' Motion.

I.   *Background*

On August 13, 2023, Plaintiff was driving on Interstate 40 in Guadalupe County, New Mexico when traffic began to slow. (Doc. 1-1) at 1–2. In order to signal to the drivers behind him that traffic was slowing, Plaintiff turned on his hazard lights. *Id.* at 2. Around the same time, Plaintiff observed Defendant Denham "approaching from the rear at a high rate of speed." *Id.* Plaintiff unsuccessfully attempted to avoid the impending collision, and "Defendant Denham rearended Plaintiff at a high rate of speed, causing severe injuries to Plaintiff." *Id.* In addition to

1

these facts, Plaintiff alleges "Defendants' actions were done with a reckless disregard to a substantial risk of severe bodily injury." *Id.* at 3.

Two months later, on October 12, 2023, Plaintiff filed his complaint in New Mexico state court. *Id.* at 1. On November 21, 2023, Defendant T.G. Baker Trucking, Inc. (T.G. Baker Trucking) removed this matter to federal court based on diversity jurisdiction.[1] (Doc. 1). Defendants filed their answer the same day. *See* (Docs. 4, 7). One week later, Defendants filed their Motion to dismiss Plaintiff's complaint. *See* (Doc. 11).

Plaintiff's complaint asserts the following causes of action: (1) negligence and gross negligence, (2) negligence per se, (3) negligent hiring, (4) negligent training, (5) negligent supervision, retention, and monitoring, (6) negligent entrustment, and (7) ratification. (Doc. 1-1). Plaintiff also seeks punitive damages. *Id.* at 8.

Defendants, in their Motion, contend Plaintiff's claims are "legally and factually defective." (Doc. 11) at 4. In response, Plaintiff argues that each cause of action alleges a plausible claim for relief, but to the extent the Court finds the complaint deficient, Plaintiff seeks leave to amend. (Doc. 15). Defendants reply that Plaintiff's proposed amended complaint still fails to satisfy the plausibility requirement and the Court should therefore deny Plaintiff's requested relief. (Doc. 18). The Court considers the parties' arguments below.

II.   *Legal Standard*

According to Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the pleadings are closed, but early enough not to delay trial. Fed. R. Civ. P. 12(c). "[T]he pleadings are closed for the purposes of Rule 12(c) once a complaint and answer

---

[1] Defendant T.G. Baker Trucking was served with the summons and complaint via certified mail on October 25, 2023. (Doc. 1-2). Removal was therefore timely.

have been filed, assuming, as is the case here, that no counterclaim or cross-claim is made." *Irby v. Jefferson Ins. Co.*, 2024 WL 3252803, at *4 n.4 (D.N.M.) (citations omitted). "A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." *Cummings v. Dean*, 913 F.3d 1227, 1238 (10th Cir. 2019) (citations omitted).

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a claim for "failure to state a claim upon which relief can be granted." A complaint may survive a motion to dismiss only if it contains sufficient facts, accepted as true, to state a claim to relief that is plausible on its face. *Employees' Ret. Sys. of R.I. v. Williams Cos., Inc.*, 889 F.3d 1153, 1161 (10th Cir. 2018) (citation omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that to survive dismissal, complaint must "state a claim to relief that is plausible on its face"). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Free Speech v. Fed. Election Comm'n*, 720 F.3d 788, 792 (10th Cir. 2013) (citation omitted).

In making this plausibility assessment, courts "accept as true 'all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff.'" *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013) (citation omitted). As a result, a court "may not dismiss on the ground that it appears unlikely the allegations can be proven." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). "[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context." *Id.* at 1248. Accordingly, a court should conduct its plausibility and sufficiency analyses on a case-by-case basis. *See id.* at 1248–49 (explaining that complaint alleging negligence may require less factual support than conspiracy or qualified immunity action). However, "[p]laintiffs must nudge the claim across the line from conceivable

3

or speculative to plausible." *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2023) (citing *Brown v. Montoya*, 662 F.3d 1152, 1162–63 (10th Cir. 2011). "Allegations that are 'merely consistent with a defendant's liability' stop short of that line." *Id.* (citations omitted).

III. Discussion

As an initial matter, the Court construes the Defendants' Motion as a Rule 12(c) motion for judgment on the pleadings because Defendants filed their Motion after filing an answer. *See* Fed. R. Civ. P. 12(c); *see also Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002) ("If the defendant makes [a 12(b)(6)] motion after filing the answer, the motion should generally be treated as a motion for judgment on the pleadings.").

A. Gross Negligence

Defendants argue Plaintiff failed to allege sufficient facts to support a claim for gross negligence. (Doc. 11) at 4–5. Defendants' argument, however, is unclear. Initially, Defendants appear to argue that New Mexico recognizes a claim of gross negligence. *See* (Doc. 11) at 4–5 ("Under New Mexico law, gross negligence requires allegations of the elements of negligence and that the defendant committed an act or omission…with *conscious* indifference to harmful consequence and failed to exercise even slight care.") (internal quotations and citations omitted). At the same time, Defendants argue that New Mexico no longer recognizes gross negligence as a valid legal concept. *Id.* at 6 (citing *Paiz v. State Farm Fire and Cas. Co.*, 1994-NMSC-079).

In response, Plaintiff argues he can maintain his claim for gross negligence. (Doc. 15) at 7. In support, Plaintiff cites *Palace Expl. Co. v. Petroleum Dev. Co.*, 374 F.3d 951, 954 (10th Cir. 2004) for the definition of gross negligence. *Id.* But in *Palace Expl. Co.*, the Tenth Circuit applied Oklahoma law, and Plaintiff fails to explain why the Court should apply Oklahoma law in this case.

4

Under New Mexico law, gross negligence requires a plaintiff to plead and prove (1) the elements of negligence, and (2) the defendant committed "an act or omission…with *conscious* indifference to harmful consequences," and failed "to exercised even slight care." *Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1251 (10th Cir. 2000). With respect to duty, however, the New Mexico Supreme Court has "formally abolished the distinction between ordinary and gross negligence" because "the concept of gross negligence" is "so nebulous" as to have "no generally accepted meaning." *Paiz*, 1994-NMSC-079, ¶ 29; *see also Govich v. N. Am. Sys.*, 1991-NMSC-061, ¶ 9 ("[T]he standard in all cases has been 'ordinary care under the circumstances.'").

Here, Plaintiff clearly pleads sufficient facts to infer Defendants were negligent, and Defendants do not argue to the contrary. Plaintiff alleges that despite slowing down and turning on his hazard lights to alert drivers behind him of the slowing traffic ahead, Defendant Denham rear-ended him at a high rate of speed. (Doc. 1-1) at 2. Plaintiff further alleges such actions "were done with a reckless disregard to substantial risk of severe bodily injury." (Doc. 1-1) at 3. These allegations are sufficient for the Court to infer that the Defendants not only behaved negligently but behaved with "conscious indifference to harmful consequences" and failed "to exercise even slight care." Accordingly, the Court declines to dismiss Plaintiff's gross negligence claim.

### B. Ratification

Next, Defendants argue Plaintiff's complaint lacks sufficient factual allegations establishing that Defendant T.G. Baker Trucking ratified Defendant Denham's behavior. (Doc. 11) at 6. Plaintiff provides no argument in response. The Court agrees with Defendants.

In New Mexico, ratification requires a principal to adopt or confirm an unauthorized act performed on its behalf by an agent. *Board of Cnty. Com'rs of Cnty. of Bernalillo v. Chavez,*

2008-NMCA-028, ¶ 15 (citation omitted).  Although the Court accepts Plaintiff's factual allegations as true, it is unable to infer that Defendant T.G. Baker Trucking ratified Defendant Denham's alleged tortious conduct.

Here, Plaintiff alleges Defendant Denham's tortious conduct consists of: (1) rear-ending Plaintiff at a high rate of speed and (2) violating NMSA 1978, § 66-7-318 (2021).[2]  (Doc. 1-1) at 2–3.  As stated above, ratification occurs when a principal adopts or confirms an unauthorized action taken by an agent on its behalf.  But Plaintiff does not allege any facts that allow the Court to infer Defendant Denham collided with Plaintiff on behalf of Defendant T.G. Baker Trucking.[3] *See* (Doc. 1-1) at 7.  Absent sufficient factual allegations, the Court finds Plaintiff fails to state a ratification claim against Defendant T.G. Baker Trucking.

### C. *Negligent Hiring, Training, Retention, Supervision, and Entrustment*

Defendants then argue Plaintiff's claims of negligent hiring, training, retention, supervision, and entrustment fail to satisfy *Twombly's* plausibility requirement.  (Doc. 11) at 7–8.  Specifically, Defendants contend Plaintiff failed to allege that Defendant T.G. Baker Trucking knew or should have known that Defendant Denham was unfit to drive—an essential element of negligent hiring, training, supervision, and entrustment.  *Id.* at 8.  In response, Plaintiff contends the complaint adequately alleges "Defendant Baker knew or should have

---

[2] Plaintiff, in his complaint, incorrectly cites to NMSA 1978, § 66-7-318 (2018) even though Section 66-7-318 was amended in 2021 and the alleged accident occurred in 2023. *Compare* (Doc. 1-1) at 2–3 *with* NMSA 1978, § 66-7-318 (2021). The 2021 amendment, however, does not appear to affect Plaintiff's claim in this case. Because the operative statute at the time of the accident is NMSA 1978, § 66-7-318 (2021), any reference the Court makes to Section 66-7-318 will be to the 2021 statute (effective July 1, 2022) unless otherwise indicated.

[3] The Court also notes that the allegations related to ratification in Plaintiff's original complaint, (Doc. 1-1), and proposed First Amended Complaint, (Doc. 15-2), are the same.

6

known that its failure to train or supervise Defendant Denham would result in substantial harm to Plaintiff." (Doc. 15) at 1. Plaintiff's argument is not persuasive.

In New Mexico, claims for negligent hiring, training, retention, supervision, and entrustment require a plaintiff to prove an employer knew or show have known that the employee was incompetent or unfit. *Lessard v. Coronado Paint & Decorating Center, Inc.*, 2007-NMCA-122, ¶¶ 27–28 (citations omitted); *see Linkwitz v. Robert Health Trucking, Inc.*, 2013 WL 12138884, at *6 (D.N.M) (analogizing a claim of negligent hire and retention to negligent training and supervision); *see also* UJI 13-1646 NMRA and UJI 13-1647 NMRA (indicating element of negligent hiring, retention, supervision, and entrustment includes defendant-employer "knew or should have known" employee was unfit or incompetent).

Here, the Court concludes Plaintiff failed to allege sufficient facts indicating that Defendant T.G. Baker Trucking knew or should have known Defendant Denham was unfit to drive. Plaintiff states Defendant Denham "did not have the proper education, background, training, or experience to safely operate the vehicle, and [he] was an incompetent and/or reckless driver." (Doc. 1-1) at 7. These allegations, without more, are conclusory. *See Brooks*, 985 F.3d at 1281 (10th Cir. 2021) ( "[A]n allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement."). Plaintiff does not allege, for example, that Defendant Denham had previous traffic violations, a criminal record, or lacked a proper license. Without any facts indicating Defendant T.G. Baker Trucking knew or should have known that Defendant Denham was unfit to drive, Plaintiff has not nudged his claim across the line from speculative to plausible. The Court therefore agrees with Defendants: Plaintiff's allegations of negligent hiring, training, supervision, and entrustment fail to satisfy *Twombly's* plausibility requirement.

### D. Negligence Per Se

Finally, Defendants vaguely argue Plaintiff's negligence per se claim should be dismissed because a different judge in a different motor vehicle accident case dismissed a different plaintiff's negligence per se claim based on a different complaint. *See* (Doc. 11) at 9–11. In response, Plaintiff contend his complaint alleges facts supporting his negligence per se claim. The Court agrees.

In New Mexico, a successful negligence per se claim must allege four elements: (1) there must be a statute prescribing certain actions or defining a standard of conduct, either explicitly or implicitly; (2) the defendant(s) must have violated the statute; (3) the plaintiff(s) must be in the class of persons the statute seeks to protect; and (4) the plaintiff's harm or injury must generally be the type the statue is meant to prevent. *Archibeque v. Homrich*, 1975-NMSC-066, ¶ 15.

Defendants appear to argue Plaintiff's negligence per se claim should be dismissed based on the reasoning in *Heard v. Loughney*, 2016 WL 10179246, at *1 (D.N.M.).[4] In *Heard*, the plaintiff brought a lawsuit against the defendants based on injuries he sustained after one of the defendants collided with the plaintiff's vehicle. *Heard*, 2016 WL 10179246, at *1. The plaintiff's complaint included a negligence per se claim, among others. *Id.* The court, however, determined that the plaintiff's negligence per se claim failed to allege how the defendant violated the regulations in question, and failed to identify defendant's conduct that caused plaintiff's injuries. *Id.*

---

[4] Defendants attached, as exhibits, the motion to dismiss and associated briefing filed in *Heard* and the associated memorandum opinion and order. *See* (Docs. 11-1, 11-2). To avoid converting Defendants' Motion into a summary judgment motion, the Court will not consider Defendants exhibits. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are present to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56….").

Here, Defendants fail to analogize the facts in *Heard* to the facts in this case. While both cases share comparable claims and a similar procedural posture, the Court finds *Heard* readily distinguishable from this case. Unlike the plaintiff in *Heard*, Plaintiff in this case clearly supports his negligence per se claim with sufficient factual allegations. Here, the applicable statute is NMSA 1978, Section 66-7-318, which states "[t]he driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of the vehicles and the traffic upon and the condition of the highway." Plaintiff's complaint alleges "Plaintiff saw Defendant Denham approaching from the rear at a high rate of speed," and "Defendant Denham rearended Plaintiff at a high rate of speed." (Doc. 1-1) at 2. Taken together, the Court infers that Defendant Denham could have been following Plaintiff's vehicle too closely without regard for the speed of other vehicles and highway traffic—satisfying the first two elements of a negligence per se claim. As for elements three and four, the Court has no trouble inferring that Plaintiff is in the class of persons the statute is intended to protect and the harm Plaintiff suffered is the kind the statute is intended to protect against. Thus, the Court concludes Plaintiff alleges sufficient facts to maintain his negligence per se claim.

### E. Plaintiff's Request to Amend Complaint

Lastly, the Court turns to Plaintiff's request to amend his complaint. (Doc. 15) at 8. Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." However, a district court "may refuse to allow amendment if it would be futile." *Anders v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (citation omitted). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Id.* (internal quotations omitted) (citations omitted).

In this case, the Court concludes Plaintiffs amendments would be futile. The additional facts in Plaintiff's Proposed Amended Complaint, (Doc. 15-2), fail to cure the deficiencies in his negligent hiring, training, retention, supervision, and entrustment claims. Plaintiff alleges no additional facts indicating that Defendant T.G. Baker Trucking knew or should have known that Defendant Denham was unfit to drive nor does he add any additional facts to his ratification claim. Thus, the Court denies Plaintiff's request to amend his complaint.

*IV.     Conclusion*

The Court concludes Plaintiff has failed to nudge at least some of his claims across the line from conceivable or speculative to plausible. Thus, for the reasons discussed, the Court grants, in part, and denies, in part, Defendants' Motion to Dismiss for Failure to State a Claim. The Court:

(1) grants Defendants' Motion requesting it dismiss Plaintiff's claims for:

- negligent hiring,
- negligent training,
- negligent supervision, retention, and monitoring,
- negligent entrustment, and
- ratification;

(2) denies Defendants' Motion requesting it dismiss Plaintiff's claims for:

- negligence and gross negligence,
- negligence per se; and

(3) denies Plaintiff's request to amend his complaint.

IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE

10