IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JARON CALVIN BRENT,

        Plaintiff,

v.                                                                                                  1:23-cv-01036-KG-JMR

T.G. BAKER TRUCKING, INC.,
and TRAVIS DENHAM,

        Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO COMPEL WITHOUT PREJUDICE

THIS MATTER comes before the Court on Defendant T.G. Baker Trucking, Inc.'s (hereinafter, "defendant") Motion to Compel Discovery Responses, filed March 20, 2025. Doc. 41. Having reviewed the motion and the relevant law, the Court hereby DENIES defendant's motion without prejudice for failure to adequately meet and confer.

Federal Rule of Civil Procedure 37(a)(1) requires that a motion to compel include "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37(a)(1). The Court's Order Adopting Joint Status Report and Provisional Discovery Plan and Setting Case Management Deadlines and Discovery Parameters (Doc. 24) (hereinafter, "Scheduling Order") provides further guidance. The Scheduling Order warns that "[t]he Court will not entertain" a motion to compel discovery responses "unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to filing the motion." Doc. 24 at 3; *Schulte v. Potter*, 218 F. App'x 703, 709 (10th Cir. 2007) (unpublished) (affirming magistrate judge's denial of a motion to compel for failure to meet and confer). "A 'reasonable effort to confer' means more than mailing

or faxing a letter to the opposing party." Doc. 24 at 3; *see also Rogers v. 3Bear Energy, LLC*, No. 21-376 KG/SCY, 2023 WL 6065303, at *2 (D.N.M. Sept. 18, 2023) (holding that counsel's "lengthy email detailing his position" was an inadequate attempt to meet and confer). "Absent exceptional circumstances, parties should converse in person or telephonically." Doc. 24 at 3.

Here, the only effort defense counsel took to confer with opposing counsel is a letter to which he received no response. Doc. 41 at 1–2; Doc. 41-2 (Exh. B). To the Court's knowledge, the parties never "converse[d] in person or telephonically," regarding the disputed discovery. *See* Doc. 24 at 3. By the plain language of the scheduling order, defense counsel did not make a "reasonable effort to confer" with opposing counsel. *See id.* ("A 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party."). Accordingly, the Court "will not entertain" defendant's motion. *See id.*

Defendant's Motion to Compel Discovery Responses (Doc. 41) is hereby DENIED without prejudice. Notably, the Court has reviewed the contents of the motion and believes that most of the issues raised are likely to be resolved via informal communication between counsel. If necessary, defendant may re-file the motion within a reasonable timeframe after meaningfully conferring with opposing counsel.

_____
JENNIFER M. ROZZONI
United States Magistrate Judge